## Consolidated Tel. Co. v. Stevens.

Feb. 19, 1943.

314

Vest & Vest and Hugh Riddell for appellant.

Hafford E. Hay for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Reversing.

It appears by the record that the appellee, Nan Stevens, for some time prior to the summer of 1938, had been employed by the telephone company as night switchboard operator in its central office at Irvine, Estill county, Ky. Further it appears that in June, 1938, the ownership and management of the company changed. However, the appellant, its new owner, retained appellee as its switchboard operator, requiring her to work ten hours a day or sixty hours a week at wages of $40 a month, payable semi-monthly, until October 24, 1938, when her time of service was raised to eleven hours a day, or sixty-six hours a week, and her salary to $44 a month. Also it appears that she then complained and continued to complain of the overlong hours required; that the "law form" was removed from the wall of her office, but that she continued to work the increased time of sixty-six hours per week at the $44 a month wage until May 6, 1939, when, after having again made complaint that the hours were too long and demanded payment of compensation for the extra time served, she was discharged.

Thereafter, in September, 1940, appellee brought this action seeking recovery of the sum of $364, alleged owing her for 729 hours of overtime service required by and rendered appellant between October 24, 1938 and May 6, 1939, without any contract or agreement made by it for such eleven hour daily service or to pay her extra compensation therefor.

Appellant demurred to the petition on the ground that its allegations were insufficient to support or state a cause of action entitling her to recover the extra compensation sued for.

Upon motion made by appellant that plaintiff's petition be made more certain and specific, appellee, in com-

pliance therewith, filed an amended petition, therein averring that "she was employed by the defendant to work 6½ hours per day or 39 hours per week, but that she was required to work 11 hours per day, or 66 hours per week from October, 1938 to May, 1939."

An additional motion was thereupon made to strike the amended petition, when the cause coming on to be heard on the said motions and demurrer, they were each and all respectively overruled.

Defendant thereupon filed answer denying the allegations of the petition and affirmatively pleading that plaintiff was employed in its office as switchboard operator, during the months stated, to work daily from 8 P. M. to 7 A. M. or eleven hours a day, or sixty-six hours a week, for the agreed wage of $44 a month. Further defendant alleged that the said wage of $44 a month was paid appellee in full, as per their agreement, for the total hours of service rendered.

Plaintiff replied, denying the allegation of the answer that appellee had contracted to work for defendant eleven hours a day for six days a week at a wage of $44 a month, or that defendant had paid her salary in full, or that her said extra hours of labor were performed in pursuance of a contract had with defendant.

The court having overruled the demurrer to the petition and upon the conclusion of the introduction of testimony having overruled motion for a peremptory instruction, upon submission of the cause to the jury, it returned a verdict for plaintiff in the amount sued for, upon which judgment was accordingly entered. This appeal is prosecuted from that judgment.

In view of our conclusion reached that neither the allegations of the petition or of same as amended were sufficient to support or state a cause of action entitling plaintiff to recover compensation for the alleged overtime service rendered the telephone company, it becomes unnecessary to discuss the sufficiency and propriety of the pleadings other than the petition.

From our consideration of the allegations of the petition, we are led to assume that the appellee misconceived the nature and character of her action, as one based on contract, where seeking recovery of extra compensation for overtime hours of like character of serv-

ice rendered her employer, without contract or agreement had with it that she was to be paid therefor, and that her action, seeking compensation or damages sustained by reason of the defendant's violation of the penal statute here involved, was properly of ex delicto character and authorized by sections 4866b-2 (KRS 337.380) and 4767a-17 (KRS 337.360), Kentucky Statutes, or chapter 105 of the penal statute of the Session Acts of 1938. This act created a Department of Industrial Relations, charged with the duty of investigating, determining and establishing minimum wages and maximum hours of service for women and minors, where employed in certain named occupations, for the purpose of preventing the unfair exploitation of such workers, with penalties upon conviction provided therefor. Also section 1599c-16, Kentucky Statutes (KRS 337.410), provides that the said Department "shall have exclusive jurisdiction over the administration and enforcement of [the provisions of] KRS 337.370 to 337.400" of this penal statute.

The named sections of the act embrace section 4866b-2, Kentucky Statutes (KRS 337.380), providing that "no female shall be permitted to work in any * * * telephone exchange [in which type of work appellee was employed] more than sixty hours in any one week, nor more than ten hours in any one day."

Even if we treat this penal statute, which vests exclusive jurisdiction in the Department of Industrial Relations as the administrative agent for enforcing the stated provisions of the statute, as impliedly repealing the appellee's right to bring an action based on contract for the recovery of compensation for overtime services rendered her employer, where employed at less than the minimum wage or for more than the maximum hours and that her action to recover compensation for overtime, where there was no contract had with her employer to pay for such overtime service, should be treated as based on tort or as one ex delicto, arising out of appellant's alleged violation of section 337.380 of the act, committed by unlawfully employing the appellee, a woman, to work in its telephone exchange for more than sixty hours a week and more than ten hours in any one day (the maximum time allowed under the statute), the allegations of her petition yet fall short of bringing her within the beneficial provisions of such penal statute (KRS 337.360),

permitting her to recover in a civil action "the full amount of the minimum wage less any amount actually paid to him [her] by the employer together with costs and such reasonable attorney's fees as are allowed by the court," in that her petition fails to allege that a mandatory order had been made and posted by the commissioner of said Department of Industrial Relations fixing and establishing the minimum wage compensation per hour for services rendered by a switchboard operator in the locality or zone of Irvine, where the office in which appellee worked was situated.

It therefore follows that even though plaintiff was authorized to bring a civil action to recover for overtime hours of service rendered appellant under the statute set out supra, her petition, in failing to make the factual allegations required by the act and particularly in failing to allege the minimum wage rate per hour which she was thereunder entitled to recover as fixed by the mandatory order of the Commissioner of Industrial Relations, did not sufficiently allege such material facts as would, serving as a criterion, enable the court to thereby direct or the jury to determine the amount she was entitled to recover, computed at the wage rate fixed for that zone, for the alleged overtime service unlawfully contracted for by the appellant in excess of the ten hour a day service fixed and allowed by the statute for a woman telephone employee.

Such being our conclusion, it follows that the judgment of the learned trial court should be and it is reversed, and the cause remanded for further proceedings consistent with this opinion.